25CA0496 Polvi v Polvi 07-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0496
El Paso County District Court No. 22CV31661
Honorable Amanda Phillips, Judge

---

Brian Polvi,

Defendant-Appellant,

v.

Bruce Polvi,

Defendant-Appellee.

---

JUDGMENT AND ORDER AFFIRMED
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BERNARD*
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

---

Paige Mackey Murray LLC, Paige Mackey Murray, Boulder, Colorado, for
Defendant-Appellant

Mulliken Weiner Berg & Jolivet PC, Trevor J. Young, Olivia M. Urso, Colorado
Springs, Colorado, for Defendant-Appellee


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     This appeal arises out of a civil case.  It concerns a dispute between two brothers, Brian Polvi and Bruce Polvi, concerning their jointly owned business, Stetson Business Park, Inc.  (Because the Polvis share the same last name, we refer to them using their first names.  We mean no disrespect by doing so.)

¶ 2     Relying on C.R.C.P. 57, Stetson filed a one-count declaratory judgment action against Brian and Bruce.  Stetson did not request a jury trial.  At the end of a bench trial, the trial court issued a written judgment ruling against Brian and awarded Bruce his reasonable attorney fees and costs.

¶ 3     Brian appeals, raising one issue.  He submits he was entitled to a jury trial because the issues in this case were legal, not equitable.  As a result, he continues, the court erred when it denied his request for a jury trial.  We disagree, and, therefore, we affirm.

## I.     Background

¶ 4     As explained in the trial court's thorough written order, Stetson's complaint sought a declaratory judgment that a promissory note and an associated deed of trust were no longer enforceable.

¶ 5    After Stetson filed its complaint, Bruce filed an answer, counterclaims, and cross-claims, and he added a request to join Joann Robben, who is Brian and Bruce's mother, along with a counterclaim naming her as a defendant. He asked for a jury trial.

¶ 6    Brian filed an answer to the complaint and to Bruce's counterclaims, adding a counterclaim against Bruce. He, too, asked for a jury trial.

¶ 7    Ms. Robben filed an answer to Bruce's counterclaim. She did not ask for a jury trial.

¶ 8    Stetson filed an answer to Bruce's counterclaims. Once again, it did not ask for a jury trial.

¶ 9    Bruce later changed his mind, waived his jury trial demand, and objected to Brian's request for a jury trial. The court agreed with Bruce. It granted his request to strike the jury demand, reasoning that Stetson's claim sought only a declaratory judgment, and declaratory judgments are equitable in nature.

¶ 10    After conducting a bench trial, the court issued written findings of fact and conclusions of law concerning the parties' various claims, cross-claims, and counterclaims. Ruling in favor of Bruce and against both Stetson and Brian, it the note and the deed

of trust were valid and enforceable. It therefore decided the proceeds of the sale of the commercial lots should be distributed to the brothers according to their ownership interests described in the note.

¶ 11    The court entered judgment in favor of Bruce on seven of his nine counterclaims, and it ruled against Brian on his counterclaims. Finally, in a separate order, the court awarded Bruce his reasonable attorney fees and costs.

## II.    Right to a Jury Trial in a Civil Action

¶ 12    Brian contends the court erred by denying him a jury trial because the relief requested in Stetson's complaint was legal, not equitable in nature. We disagree.

### A.    Standard of Review

¶ 13    We review the application of a jury waiver provision de novo. *Colo. Coffee Bean, LLC v. Peaberry Coffee Inc.*, 251 P.3d 9, 27 (Colo. App. 2010). In doing so, our duty "is to interpret and enforce contracts as written between the parties." *Fox v. I–10, Ltd.*, 957 P.2d 1018, 1022 (Colo. 1998).

## B. Stetson Requested Equitable Relief

¶ 14    We conclude Brian is not entitled to a jury trial in this case because the only relief Stetson requested in its complaint was equitable, not legal.

¶ 15    In Colorado, there is no constitutional right to a jury trial in a civil action. *Mason v. Farm Credit of S. Colo., ACA*, 2018 CO 46, ¶ 9. Rather, the right to a jury trial in civil cases is provided for in C.R.C.P. 38(a).

¶ 16    Under Rule 38, a jury trial is only available in legal proceedings, not equitable ones. *Mason,* ¶ 10. "In general, actions for money damages are legal, whereas actions invoking the coercive powers of the court are equitable." *Id.* Whether an action is legal or equitable is determined only by the claims in the plaintiff's complaint. *Id.* at ¶ 11. When a plaintiff pleads only equitable claims, the case will be tried to the court. *Id.* Declaratory judgments tend to be equitable in nature. *See Manning v. United States,* 146 F.3d 808, 812 (10th Cir. 1998).

¶ 17    Brian asserts the relief Stetson requested in its complaint was legal, not equitable, despite being a request for a declaratory judgment, because that issue was premised on whether the

promissory note was unenforceable due to the statute of limitations. But the statute of limitations defense was raised by Brian in response to Stetson's claim for relief, and, we focus our inquiry solely on the thrust of the claim asserted in the complaint. And, looking at that claim, it is evident Stetson sought to "invok[e] the coercive powers of the court," *Mason*, ¶ 10, by asking the court to determine the effect of the note on the division of the proceeds of the sale of the lots, and, ultimately, who was entitled to those proceeds As a result, we conclude (1) the thrust of Stetson's request for declaratory judgment was equitable, *cf. Manning*, 146 F.3d at 812 ("The fact that [the plaintiff] requested a declaratory judgment, in connection with the injunctive relief, did not alter the basic equitable nature of his action."); (2) Brian therefore was not entitled to a jury trial; and (3) the court did not err when it awarded Bruce his attorney fees and costs.

¶ 18    Brian also submits he was entitled to a jury trial because some of Bruce's counterclaims were legal, not equitable. But, as we have stated above, our focus is on the claims in the complaint when deciding whether a party is entitled to a jury. *See Mason*, ¶ 11.

### III.   Appellate Attorney Fees

¶ 19    Bruce asserts — and we agree — he is entitled to an award of his reasonable appellate attorney fees and costs under C.A.R. 39.1 and the note because he has prevailed in this appeal.  We exercise our discretion under C.A.R. 39.1 and C.A.R. 39(c)(1), and we remand this case to the trial court to undertake the factfinding necessary to determine and to award Bruce his reasonable appellate attorney fees and costs.

¶ 20    The judgment and attorney fees order are affirmed.  The case is remanded to the trial court to determine and to award Bruce his reasonable appellate attorney fees and costs.

JUDGE GROVE and JUDGE MOULTRIE concur.